FILED 18 MAR '14 10:39 USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

RACHELLE "SHELLEY" SHANNON, )
    Defendant )
     )
     )   Cases No. CR-95-224-01 RE
vs. )          CR-94-332-01 RE
     )
UNITED STATES OF AMERICA, )
    Plaintiff )
     )

## MOTION FOR RELIEF PURSUANT TO CHANGE IN LAW

Comes now Defendant RACHELLE SHANNON, Pro se, seeking relief pursuant the following.

### SUMMARY OF THE CASE

Defendant SHANNON was sentenced for violations of 18 844(i), 18 844(h), and interstate travel in aid of a crime of violence for six arson fires at abortion facilities. She agreed to a plea of guilty and was sentenced to 240 months. A pre-sentence report was done, and defendant was given "enhancements" that had not been presented to a jury, as well as an upward departure and a mandatory minimum, in order for the court to compile a 20 year sentence. Further, the court used the defendant's KS state charge to compute the federal sentence, and then did not run it concurrently, as required. Prosecution also claimed the KS charge involved a "life-threatening" injury, contrary to the doctor's report and evidence. The 10 year mandatory minimum was added because a fireman slipped on a wet ladder and scratched his arm.

ARGUMENT

In a 5-4 majority of the U.S. Supreme Court, it announced June 17, 2013 that it extended the Sixth Amendment right to a jury trial to the facts that trigger or increase a sentence. In the Supreme Court decision Alleyne v. U.S., No. 11-9335, 6-17-2013, which was a federal firearms prosecution, the issue came up. This decision will affect not only these types of cases, but it will impact many others. In a quote from Justice Clarence Thomas: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and proven beyond a reasonable doubt."

Defendant SHANNON was sentenced to 240 months in the Bureau of Prisons. She received "enhancements" which changed her sentencing range. The proposed sentencing range should have been much lower than 240 months. The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an "element." It must, therefore, be submitted to a jury and proven beyond a reasonable doubt. It is indisputable that a fact triggering a higher sentence alters the prescribed range of sentences to which a defendant is exposed. The legally prescribed range is the penalty affixed to the crime ....it follows that a fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense.

Alleyne is not at all dictated by Apprendi; it is simply within the "logical compass" of Apprendi, retaining its own identity. Since Alleyne falls within the logical compass of Apprendi, it does not mean it is actually dictated by it. Hence, Alleyne is not dictated by precedent and it is a "new rule."

Furthermore, Alleyne's overruling of Harris created a "new rule." See Saffle v. Parks, 494 U.S. 484, 488 (1990) ("explicit overruling of an earlier holding no doubt creates a "new rule.") In Alleyne, it posseses both substantive and procedural character-

istics; substantive rules are always applied retroactively. See Schriro 542 U.S. at 351.

On Feb. 11, AD 2014, the U.S. Court of Appeals for the First Circuit, Judge Juan Torruella ruled that the government can choose to hold a new trial if not satisfied with the sentencing range that would apply in the abscence of the mandatory minimum. "Other circuits have remanded cases for resentencing without the mandatory minimum." Criminal Law Reporter, 2-19-14. Defendant SHANNON was given a "...mandatory minimum sentence unconstitutionally based on judge-found facts." (CLR 2-19-14). The government cannot empanel a sentencing jury in light of the guilty plea in SHANNON's case (U.S. v. Pena, 94 CrL 558, First Cir. 2014).

## CONCLUSION

Wherefore Defendant, RACHELLE "SHELLEY" SHANNON prays that this honorable court will remand her for resentencing without the 10-year mandatory minimum, leaving a sentence of 10 years plus three years "on paper." Defendant has been in federal custody for more than 12 years and nine months, not counting almost a year in county jail in Portland while going to court. In light of these facts, defendant SHANNON should be granted immediate release with no time left in prison, halfway house, or "on paper."

Respectfully Submitted,

*Rachelle Shannon*

Rachelle Shannon, 59755-065
FCI Waseca, Unit A
P.O. Box 1731
Waseca, MN 56093

CERTIFICATE OF SERVICE

I, RACHELLE "SHELLEY" SHANNON, hereby declare under penalty of perjury, that the foregoing was placed in the mailbox for inmates with proper postage affixed, to be sent by the USPS, to the clerk of the District Court, District of Oregon.

DATE: March 12, AD 2014

*Rachelle Shannon*
Rachelle Shannon, 59755-065
FCI, Unit A
P.O. Box 1731
Waseca MN 56093